MATTER OF MEDICAL UNIVERSITY OF SOUTH CAROLINA

In Visa Petition Proceedings

A-21092607

*Decided by Regional Commissioner July 27, 1978*

In order to qualify for a labor certification under Schedule A, Group II (20 C.F.R. 656.10(b)), an alien must show by documentary evidence that he is a person of exceptional ability who has received international recognition for outstanding achievements and excellence. *See* 20 C.F.R. 652.22(d). These international recognition requirements are necessary because in order to qualify for labor certification under Schedule A, Group II, the alien must establish that he is so far above the average member of his field that he will clearly be an asset to the United States.

ON BEHALF OF PETITIONER:  R. W. Foley, Esquire
Box 35
Bowman, Georgia 30624

The petition was denied by the District Director, Atlanta, Georgia, and is now considered on appeal.

The petitioner, a large State University, desires to employ the beneficiary as a research scientist. On August 12, 1977, the beneficiary completed all requirements for a Ph.D Degree in Immun-chemistry.

The petitioner seeks to establish that the beneficiary, because of his exceptional ability in the sciences, meets the requirements of 20 C.F.R. 656.22(d) and should, therefore, be considered as precertified with regard to the labor certification requirement of the Act.

20 C.F.R 656.22(d) reads as follows:

Aliens who are applying for labor certification under Group II, Schedule A, shall file as part of their labor certification applications documentary evidence testifying to the current widespread acclaim and *international* reputation accorded them, receipt of internationally recognized *prizes or awards* for excellence, and documents testifying that they are members of *international* associations requiring outstanding achievements of their members as judged by recognized experts in their discipline or field. They shall also submit additional documentation supporting their claim to having exceptional ability such as:

(1) affidavits or published material testifying to their technical training or specialized experience;
(2) published material by or about the author. Such material shall identify the title,

date, and author of each publication or article;

(3) documentary evidence of earnings commensurate with their claimed level of ability; and/or

(4) documentation showing that their work experience during the past year did, and their intended work will, require exceptional ability. (Emphasis supplied.)

In denying the application, the District Director found that the evidence submitted with the petition failed to establish that the beneficiary met the requirements which would entitle him to classification under 20 C.F.R. 656.10(b) which relates to aliens of exceptional ability in the sciences or arts.

On appeal, claim is made that the beneficiary is internationally recognized in his field and thus he is eligible for precertification under Group II, Schedule A, 20 C.F.R. Attached to the appeal were several letters testifying to the beneficiary's expertise and acclaim in his field and copies of numerous publications coauthored by the beneficiary.

Again, there is no question as to the qualification of the beneficiary for third-preference immigrant classification. The only question to be resolved is the matter of eligibility for precertification under Group II, Schedule A, 20 C.F.R. As previously cited, the requirements for eligibility are found in 20 C.F.R. 656.22(d).

Following enactment of P.L. 94-484, the Department of Labor published its proposed rule-making concerning the labor certification process in the Federal Register, November 5, 1976. The final regulations were published on January 18, 1977, following receipt and consideration of various comments from interested persons and organizations. In promulgating the final regulations with respect to Group II, Schedule A, the Department commented that:

It is intended that such aliens have international recognition and other evidence of their exceptional ability. Such aliens should be so far above the average members of their field that they will clearly be an asset to the United States.

The beneficiary graduated from the University of Lyon in France as a Doctor of Medicine on July 8, 1969. He is the coauthor of 60 pieces of published material. These articles have appeared in medical journals in the United States, France, Germany, Belgium, and Israel. He is a member of six different societies, three in France, two international societies, and one in the United States. His membership in the World Health Organization Expert Committee on Protease Inhibitors is a signal honor. He is one of only a dozen members all of whom are internationally known, according to the Chairman of the Department of Basic and Clinical Immunology and Microbiology at the Medical University of South Carolina. This letter also indicates that the beneficiary has been offered a Chairmanship of Biochemistry at the Pasteur Institute in Lyon, France. (A letter from the President of the Medical University of South Carolina indicates the beneficiary is a member of

the International Antitrypsin Pi Committee, and that all members of this committee are of international renown. As a member of this committee, he has been invited to speak at national and international meetings and symposiums regularly.) A letter from the Director of the Pulmonary Disease Division of Washington University, St. Louis, Missouri, states the beneficiary is an internationally recognized expert in his field. The beneficiary's work experience shows progressively more responsible positions in the field of biochemistry, immunology, and biology over an 11-year period. The salary offered the beneficiary is slightly above that shown in the Department of Labor's 1976–1977 Edition of the Occupational Outlook Handbook for similar occupations.

The information presented on appeal clearly shows that the beneficiary enjoys international recognition in his field.

It is concluded that the petitioner has established that the beneficiary is a person of exceptional ability in the sciences and that he meets the evidentiary requirement previously set forth. Accordingly, an order will be entered withdrawing the decision of the District Director and approving the petition.

ORDER: The denial by the District Director is overruled and the petition is approved.